IN THE STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOISE T. WORMLEY,<br>2303 BROOKS DRIVE<br>APARTMENT 104<br>SUITLAND, MD   20746<br><br>          Plaintiff,<br><br>     v.<br><br>THE UNITED STATES OF AMERICA<br>DEPARTMENT OF JUSTICE<br>P.O. BOX 888<br>BENJAMIN FRANKLIN STATION<br>WASHINGTON, D.C. 20044<br><br>THE DISTRICT OF COLUMBIA<br>OFFICE OF RISK MANAGEMENT, 441<br>4TH STREET, NW<br>SUITE 800 SOUTH<br>WASHINGTON, DC 20001<br><br>CORRECTIONS CORPORATION OF<br>AMERICA<br>102 WOODMONT BOULEVARD,<br>SUITE 800<br>NASHVILLE, TN  37205<br><br>REYNOLDS & ASSOCIATES, INC.,<br>D/B/A WASHINGTON HALFWAY<br>HOMES<br>1430 G. ST., NE<br>WASHINGTON, D.C.<br><br>HARLEY G. LAPPIN<br>DIRECTOR<br>FEDERAL BUREAU OF PRISONS<br>OFFICE OF GENERAL COUNSEL,<br>CENTRAL OFFICE<br>320 FIRST ST., N.W.<br>WASHINGTON, DC  2034 | Civil Action No. 1:08-cv-00449-RWR |

RANDAL WHITE
INSTITUTIONAL COMMUNITY
OFFICER,
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., N.W,
WASHINGTON, DC  20534

DEVON BROWN,
DIRECTOR
D.C. DEPARTMENT OF CORRECTIONS
1923 VERMONT AVENUE, NW
WASHINGTON, DC  20003

SEAN MCLEOD
DEPUTY UNITED STATES MARSHAL
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

DAVID BALDWIN
DEPUTY UNITED STATES MARSHAL
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

DONNA SCOTT
UNITED STATES MARSHALS
SERVICE
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

OFFICER TUTTWILER
CASE MANAGER
CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN 37205

JOHN OR JANE DOE 1
INMATE RECORDS OFFICER
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST,. NW,
WASHINGTON, DC  20534

JOHN OR JANE DOES 2-10
UNNAMED OFFICERS
AND EMPLOYEES
CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN 37205

JOHN OR JANE DOES 11-20
UNNAMED OFFICERS
AND EMPLOYEES
DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
D.C. DEPARTMENT OF CORRECTIONS
1923 VERMONT AVENUE, NW
WASHINGTON, D.C. 20003

JOHN OR JANE DOES 21-30
UNNAMED OFFICERS
AND EMPLOYEES
UNITED STATES
MARSHALS SERVICE
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

JOHN OR JANE DOES 31-40
UNNAMED OFFICERS
AND EMPLOYEES
REYNOLDS & ASSOCIATES,
D/B/A WASHINGTON HALFWAY
HOMES
1430 G. ST., NE
WASHINGTON, D.C.

JOHN OR JANE DOES 41
UNNAMED OFFICER
AND EMPLOYEE
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., NW,
WASHINGTON, DC 20534

          Defendants.

## MOTION TO DISMISS OF DEFENDANTS, CORRECTIONS CORPORATION OF AMERICA AND OFFICER TUTWILER. FOR FAILURE TO STATE A CLAIM

Defendants, Corrections Corporation of America and Officer Tuttwiler [sic] ("CCA Defendants"), through counsel, file this Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6), for the reason that Plaintiff's Complaint fails to state a claim against these Defendants. This Motion is supported by the following Statement of Points and Authorities and pleadings on file with this Court.

Pursuant to LCvR 7(m), counsel for Plaintiff was contacted regarding this Motion and Plaintiff has declined to consent.

### STATEMENT OF POINTS AND AUTHORITIES

**I.    FACTUAL BACKGROUND**

Defendant, Corrections Corporation of America, owns and operates the Correctional Treatment Facility ("CTF"), a private prison which houses inmates in custody of the D.C. Department of Corrections pursuant to a contract between the District of Columbia and CCA.

Plaintiff filed her Complaint on March 14, 2008, asserting that she was unlawfully detained at the CTF for a period of time between October 19, 2006 and March 19, 2007. Plaintiff filed her action against numerous entities, and named and unnamed individuals pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Federal Tort Claims Act and

common law negligence.[1]

Plaintiff asserts only two claims against CCA Defendants.  First, Plaintiff alleges CCA Defendants were negligent for breaching "their duty of care to Ms. Wormley by failing to assure that she was accurately informed of the reasons for her detention, and by failing to assure that Ms. Wormley was not incorrectly detained at CTF."[2]  Plaintiff further claims that CCA Defendants are liable for false imprisonment alleging that Plaintiff was "unlawfully detained on October 19, 2006 and from October 21, 2006 until March 19, 2007."[3]

CCA Defendants assert that Plaintiff's Complaint must be dismissed because Plaintiff has failed to state a claim against them.  Specifically, CCA Defendants have no authority to transfer or assign inmates into or out of the CTF, which is within the sole discretion of the District of Columbia.  As a result, CCA Defendants have no duty to inform or assure her of the reasons for her detention, and cannot be liable for false imprisonment when she was being held pursuant to the discretion of the District of Columbia.  Therefore, Plaintiff fails to state a claim against the CCA Defendants.

**II.     ARGUMENT**

    **A.     Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

Rule 12(b)(6) allows the Court to terminate lawsuits "that are fatally flawed in their legal premise and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and

---

[1] Plaintiff does not assert any Federal claims against CCA, nor can she.  She is precluded from pursuing a Federal claim against CCA pursuant to *Correctional Servs. Corp. v. Malesko*, 122 S. Ct. 515 (2001).  Plaintiff is also precluded from pursuing Federal claims as a result of her failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997(e)(a).

[2] *See* Plaintiff's Complaint, ¶ 139.

[3] *See* Plaintiff's Complaint, ¶143.

trial activity."[4]  Rule 12(b)(6) is designed to "screen out cases" where no remedy exists for the wrong alleged or when no relief could possibly be granted.[5]  CCA Defendants are a private prison operator and its employee who, pursuant to contract with the District of Columbia, are charged with housing inmates at the CTF.  CCA and its employee, however, have no authority to release, screen or question inmate detentions.  D.C. Code § 24-261.03(a) sets forth as follows:

> (a)  An inmate confined in the CTF shall be deemed to be at all times in the legal custody of the Department of Corrections.  Only the Department of Corrections shall have authority to transfer or assign inmates into or out of the CTF. . . .[6]

In this case, pursuant to D.C. statute, CCA did not have a duty to "accurately inform the Plaintiff for the reasons for her detention".  Moreover, CCA Defendants had no authority whatever to transfer or assign inmates into or out of the CTF.  In addition, there is no authority for Plaintiff's novel claim that CCA or its employees owed a duty to inform Plaintiff of the reasons for her detention.  Clearly, the authority to incarcerate or release the Plaintiff falls solely within the province of the D.C. Department of Corrections.  Plaintiff has failed to state a claim against the CCA Defendants for negligence or for false imprisonment.

As a result, CCA Defendants' Motion to Dismiss for Failure to State a Claim must be GRANTED and the case DISMISSED against them with prejudice.

---

[4] *See*, *Port Auth. of N.Y.& N.J. v. Arcadian Corp.*, 189 F.3d. 305 (3rd Cir. 1991).

[5] *See generally Smile Care Dental Group v. Delta Dental Plan of Cal., Inc.,* 88 F.3d. 780, 783 (9th Cir. 1996); *Gubbons v. Hurson*, 885 A.2d. 263 (D.C. 2005); *Derzavis v. Bepko*. 766 A.2d 514, 519 (D.C. 2000).

[6] D.C. Code § 24-261.03(a).

**III.     CONCLUSION**

Plaintiff's Complaint must be dismissed because she has failed to state a claim against the CCA Defendants. Specifically, the CCA Defendants have no authority to release or transfer any inmates, including the Plaintiff, into or out of the CTF. This is within the sole discretion of the D.C. Department of Corrections pursuant to D.C. law. Therefore, CCA Defendants respectfully request that their Motion to Dismiss be GRANTED.

Dated:  June 16, 2008

Respectfully submitted,

JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Tel:     (602) 263-1700


By:      s/ Daniel P. Struck
    Daniel P. Struck, Bar No.CO0037
    Jennifer L. Holsman, Bar No. 495296
     Attorneys for Defendant *Corrections
     Corporation of America and Officer Tutwiler*


ORIGINAL of the foregoing filed ELECTRONICALLY
this 16th day of June, 2008 .

COPY of the foregoing mailed
this 16th day of June, 2008, to:

Robin Elena Jacobsohn
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005
Attorneys for *Plaintiff*

Denise J. Baker
OFFICE OF THE ATTORNEY GENERAL
 FOR THE DISTRICT OF COLUMBIA
441 4th Street, NW, Room 6S028
Washington, DC 20001
Attorneys for *Defendants District of Columbia
and Devon Brown*

Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, NW, Suite 500
Washington, DC 20036
Attorneys for Defendants, *Corrections
Corporation of America and Officer Tutwiler*


   s/  Daniel P. Struck

1928166.1

## CERTIFICATE OF SERVICE

  I hereby certify than on June 16, 2008, a true copy of the foregoing was mailed, first class, postage prepaid, to:

Robin Elena Jacobsohn
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005
*Attorney for Plaintiff*

Denise J. Baker
OFFICE OF THE ATTORNEY GENERAL
 FOR THE DISTRICT OF COLUMBIA
441 4th Street, NW, Room 6S028
Washington, DC 20001
*Attorney for Defendants District of Columbia*
*and Devon Brown*

Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, NW, Suite 500
Washington, DC 20036

*Attorneys for Defendant Corrections*
*Corporation of America and Officer Tutwiler*

                s/ Daniel P. Struck

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eloise T. Wormley,

          Plaintiff,

   v.

United States of America, et al.,

          Defendants.

Civil Action No. 1:08-cv-00449-RWR

**ORDER GRANTING MOTION TO DISMISS OF DEFENDANTS, CORRECTIONS CORPORATION OF AMERICA AND OFFICER TUTWILER, FOR FAILURE TO STATE A CLAIM**

Upon Motion of Corrections Corporation of America, Officer Tutwiler and Jane or John Does 2-10 for Failure to State a Claim, and for good cause shown, it is this _____ day of _____, 2008 ORDERED that Defendants' Motion be GRANTED and further ORDERED that all claims against Defendants Corrections Corporation of America and Officer Tutwiler, be DISMISSED WITH PREJUDICE.

Dated: _____, 2008

                                            RICHARD W. ROBERTS
                                            United States District Court Judge