# IN THE STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELOISE T. WORMLEY,
2303 BROOKS DRIVE
APARTMENT 104
SUITLAND, MD  20746

        Plaintiff,

   v.

THE UNITED STATES OF AMERICA
DEPARTMENT OF JUSTICE
P.O. BOX 888
BENJAMIN FRANKLIN STATION
WASHINGTON, D.C. 20044

THE DISTRICT OF COLUMBIA
OFFICE OF RISK MANAGEMENT, 441
4TH STREET, NW
SUITE 800 SOUTH
WASHINGTON, DC 20001

CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN  37205

REYNOLDS & ASSOCIATES, INC.,
D/B/A WASHINGTON HALFWAY
HOMES
1430 G. ST., NE
WASHINGTON, D.C.

HARLEY G. LAPPIN
DIRECTOR
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., N.W.
WASHINGTON, DC  2034

Civil Action No. 1:08-cv-00449-RWR

RANDAL WHITE
INSTITUTIONAL COMMUNITY
OFFICER,
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., N.W,
WASHINGTON, DC  20534

DEVON BROWN,
DIRECTOR
D.C. DEPARTMENT OF CORRECTIONS
1923 VERMONT AVENUE, NW
WASHINGTON, DC  20003

SEAN MCLEOD
DEPUTY UNITED STATES MARSHAL
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

DAVID BALDWIN
DEPUTY UNITED STATES MARSHAL
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

DONNA SCOTT
UNITED STATES MARSHALS
SERVICE
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

OFFICER TUTTWILER
CASE MANAGER
CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN 37205

1935729.1

JOHN OR JANE DOE 1
INMATE RECORDS OFFICER
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST,. NW,
WASHINGTON, DC  20534

JOHN OR JANE DOES 2-10
UNNAMED OFFICERS
AND EMPLOYEES
CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN 37205

JOHN OR JANE DOES 11-20
UNNAMED OFFICERS
AND EMPLOYEES
DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
D.C. DEPARTMENT OF CORRECTIONS
1923 VERMONT AVENUE, NW
WASHINGTON, D.C. 20003

JOHN OR JANE DOES 21-30
UNNAMED OFFICERS
AND EMPLOYEES
UNITED STATES
MARSHALS SERVICE
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

JOHN OR JANE DOES 31-40
UNNAMED OFFICERS
AND EMPLOYEES
REYNOLDS & ASSOCIATES,
D/B/A WASHINGTON HALFWAY
HOMES
1430 G. ST., NE
WASHINGTON, D.C.

1935729.1

JOHN OR JANE DOES 41
UNNAMED OFFICER
AND EMPLOYEE
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., NW,
WASHINGTON, DC 20534

      Defendants.

## REPLY IN SUPPORT OF DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND OFFICER TUTWILER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

  Defendants, Corrections Corporation of America and Officer Tuttwiler [sic] ("Defendants"), through counsel, file this Reply in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6). This Motion is supported by the following Statement of Points and Authorities and pleadings on file with this Court.

## STATEMENT OF POINTS AND AUTHORITIES

### I. INTRODUCTION

  Plaintiff asserts common law negligence and false imprisonment claims against both CCA and Officer Tutwiler, alleging that Defendants "failed to investigate Ms. Wormley's status as an inmate, to inform Ms. Wormley of the reasons for her detention despite her repeated requests for information, and to facilitate or ensure her release." Plaintiff also asserts that the Defendants were placed on "notice," "did nearly nothing" and are now liable because Ms. Wormley did not see a judge, was "never informed of the reasons for her imprisonment, and was never told when she could expect to leave."

  Plaintiff also asserts a claim under 42 U.S.C. § 1983 against Officer Tutwiler for overdetention and due process violation (*see* Count XV) and against CCA for overdetention, unlawful search and seizure, and deliberate indifference (*see* Count XVII).

The CCA Defendants again assert that Plaintiff has failed to assert a claim against these Defendants under either a common law or federal theory. Accordingly, Defendants' Motion to Dismiss must be granted because: (1) Plaintiff has failed to assert any duty or breach thereof by the Defendants; (2) there is no legal authority justifying a claim against the Defendants for failing to inform Plaintiff of the *reasons* for her incarceration; and (3) Defendants have no authority to transfer or assign inmates into or out of the CTF as outlined in both the D.C. Code and the Agreement between CCA and the District of Columbia.

## II.    <u>ARGUMENT</u>

### A.    <u>Plaintiff's Complaint Fails to State a Claim.</u>

Plaintiff's Opposition fails to provide any supporting legal authority imposing a duty or identifying any legal claim against these Defendants. Instead, Plaintiff fails to identify any common or federal law imposing a duty on these Defendants and continues to assert a claim of liability for which there is <u>no</u> supporting case law or evidence. Moreover, Plaintiff admits that CCA did not have an affirmative duty to take action and notably failed to provide any evidence that CCA was ever put on "notice" of any error in Plaintiff's detention. For these reasons, Defendants' Motion to Dismiss must be granted.

#### 1.    *Plaintiff Has Failed to Assert Any Duty Or Breach Thereof By Defendants.*

Plaintiff's Opposition relies on the Restatement (Second) of Torts to support her claim that the custodian has a "duty to protect the inmate from *physical* harm." Plaintiff has not alleged, however, that she suffered any physical harm from her over detention at CTF. Moreover, Plaintiff failed to identify how the detention is akin to physical harm. Without this connection, the Restatement fails to support Plaintiff's claim that there was a duty on the part of the Defendants that was breached.

1935729.1

As outlined in *McAllister v. District of Columbia*, Plaintiff does indeed have the burden of showing that the Defendants, through its agents, had a duty to discover and correct errors in sentencing orders.[1] In *McAllister*, Plaintiff asserted that multiple District of Columbia employees, including the Department of Corrections, were liable for negligence after failing to discover an improper sentencing order and forcing his incarceration for nearly two years beyond the sentencing guidelines. The Court held, however, that the Plaintiff failed to establish any legal authority identifying a specific duty by the Defendants to "discover or correct" the sentencing order error. The same logic holds true in this case.

Here, Plaintiff has failed to point to any District of Columbia Municipal Regulations, statute, or either DC or federal case law, which imposes the duty on these Defendants, to discover and correct errors in sentencing orders.[2] Being none, Plaintiff has failed to state a claim against these Defendants and Plaintiff's Complaint must be dismissed.

**2.    *There is No Claim For Failing to Inform Plaintiff of the Reasons for Incarceration.***

In addition, Plaintiff has overstated the "duty" aspect thereby making a novel claim, without any authority to support it, that CCA and Officer Tutwiler had a duty to "investigate and inform Ms. Wormley of the *reasons* for her imprisonment" and that they breached that duty. Again, Plaintiff failed to point to <u>any</u> legal authority, under either federal or common law, that CCA or its employees owed a duty to inform Plaintiff of the *reasons* for her detention.  Thus, Plaintiff has failed to state a claim against the Defendants and Plaintiff's Complaint must be dismissed.

---

[1] 653 A.2d 849, 852 (D.C.1995).
[2] *Powell ex. rel. Ricks v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993); *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 199-200 (D.C. 1991); *Toy v. District of Columbia*, 549 A.2d 1, 6 (D.C. 1988).

3.    *Defendants Have No Authority.*

Pursuant to the applicable statute and the Operations and Management Agreement between the District of Columbia and CCA, the authority to incarcerate or release the Plaintiff falls solely within the province of the D.C. Department of Corrections.[3]

D.C. Code § 24-261.03(a) sets forth as follows:

> (a)  An inmate confined in the CTF shall be deemed to be at all times in the legal custody of the Department of Corrections.  Only the Department of Corrections shall have authority to transfer or assign inmates into or out of the CTF.  . . .[4]

As outlined, pursuant to D.C. statute, CCA did not have a duty to "accurately inform the Plaintiff for the reasons for her detention". In fact, CCA Defendants had no authority whatever to transfer or assign inmates into or out of the CTF.  The law is clear, the authority to incarcerate or release the Plaintiff falls solely within the province of the D.C. Department of Corrections.

In fact, the Plaintiff admits that the Agreement between CCA and the Defendants "does not go so far as to impose an affirmative duty" by CCA or its employees to question inmate detentions.[5]  Thus, there can be no liability for "doing what the Plaintiff wanted the Defendants to do" when there is neither common or federal law supporting the claims.  For these reasons, Plaintiff has failed to state a claim against the Defendants and their Motion to Dismiss must be granted.

B.    **The "John Doe" Defendants Must be Dismissed.**

Plaintiff asserts that "John or Jane Does 2-10, failed to investigate Ms. Wormley's

---

[3] *See* Section 5.4.3, of the Agreement between Corrections Corporation of America and the District of Columbia, attached hereto as Exhibit 1.
[4] D.C. Code § 24-261.03(a).
[5] *See* page 9 of Plaintiff's Opposition.

1935729.1

status as an inmate…".[6] "John or Jane Does" are improper in federal court and are subject to dismissal by Motion. Accordingly, FED. R. CIV. P. 12(b)(4) and 4(m) calls for a dismissal of the "John and Jane Doe" defendants identified in Plaintiff's Complaint because they cannot be effectively served in order to confer jurisdiction over them in this Court.[7]

III.    **CONCLUSION**

For the reasons stated above, Plaintiff's Complaint must be dismissed because she has failed to state a claim against the CCA Defendants.  Therefore, CCA Defendants respectfully request that their Motion to Dismiss be GRANTED and the case be DISMISSED against them with prejudice.


Dated:  July 9, 2008                    Respectfully submitted,

                                        JONES, SKELTON & HOCHULI, P.L.C.
                                        2901 North Central Avenue, Suite 800
                                        Phoenix, Arizona  85012
                                        Tel:    (602) 263-1700


                                        By:___s/  Jennifer L. Holsman_____
                                            Daniel P. Struck, Bar No.CO0037
                                            Jennifer L. Holsman, Bar No. 495296
                                            Attorneys for Defendant *Corrections*
                                            *Corporation of America and Officer Tutwiler*

ORIGINAL of the foregoing filed ELECTRONICALLY
this 9th day of July, 2008 .

---

[6] *See* Introduction of Memorandum of Points and Authorities in Support of Opposition to Motion to Dismiss of Defendants Corrections Corporation of America and Officer Tutwiler.
[7] *See Olaniyi v. Dist. of Columbia*, 416 F.Supp.2d 43, 50 (D.D.C.2006); *M.K. v. Tenet*, 99 F.Supp.2d 12, 17 (D.D.C.2000).

1935729.1

## CERTIFICATE OF SERVICE

I hereby certify than on July 9th, 2008, a true copy of the foregoing was mailed, first class, postage prepaid, to:

Robin Elena Jacobsohn
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005
*Attorney for Plaintiff*

Denise J. Baker
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, NW, Room 6S028
Washington, DC 20001
*Attorney for Defendants District of Columbia
and Devon Brown*

Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, NW, Suite 500
Washington, DC 20036

*Attorneys for Defendant Corrections
Corporation of America and Officer Tutwiler*


                              _____ s/  Jennifer L. Holsman _____
                                 Jennifer L. Holsman

1935729.1

**IN THE STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELOISE T. WORMLEY,
2303 BROOKS DRIVE
APARTMENT 104
SUITLAND, MD   20746

        Plaintiff,

    v.

THE UNITED STATES OF AMERICA
DEPARTMENT OF JUSTICE
P.O. BOX 888
BENJAMIN FRANKLIN STATION
WASHINGTON, D.C. 20044

THE DISTRICT OF COLUMBIA
OFFICE OF RISK MANAGEMENT, 441
4TH STREET, NW
SUITE 800 SOUTH
WASHINGTON, DC 20001

CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN  37205

REYNOLDS & ASSOCIATES, INC.,
D/B/A WASHINGTON HALFWAY
HOMES
1430 G. ST., NE
WASHINGTON, D.C.

HARLEY G. LAPPIN
DIRECTOR
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., N.W.
WASHINGTON, DC  2034

Civil Action No. 1:08-cv-00449-RWR

RANDAL WHITE
INSTITUTIONAL COMMUNITY
OFFICER,
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., N.W,
WASHINGTON, DC  20534

DEVON BROWN,
DIRECTOR
D.C. DEPARTMENT OF CORRECTIONS
1923 VERMONT AVENUE, NW
WASHINGTON, DC  20003

SEAN MCLEOD
DEPUTY UNITED STATES MARSHAL
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

DAVID BALDWIN
DEPUTY UNITED STATES MARSHAL
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

DONNA SCOTT
UNITED STATES MARSHALS
SERVICE
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

OFFICER TUTTWILER
CASE MANAGER
CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN 37205

- 2 -

1935729.1

JOHN OR JANE DOE 1
INMATE RECORDS OFFICER
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST,. NW,
WASHINGTON, DC  20534

JOHN OR JANE DOES 2-10
UNNAMED OFFICERS
AND EMPLOYEES
CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN 37205

JOHN OR JANE DOES 11-20
UNNAMED OFFICERS
AND EMPLOYEES
DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
D.C. DEPARTMENT OF CORRECTIONS
1923 VERMONT AVENUE, NW
WASHINGTON, D.C. 20003

JOHN OR JANE DOES 21-30
UNNAMED OFFICERS
AND EMPLOYEES
UNITED STATES
MARSHALS SERVICE
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

JOHN OR JANE DOES 31-40
UNNAMED OFFICERS
AND EMPLOYEES
REYNOLDS & ASSOCIATES,
D/B/A WASHINGTON HALFWAY
HOMES
1430 G. ST., NE
WASHINGTON, D.C.

- 3 -

1935729.1

JOHN OR JANE DOES 41
UNNAMED OFFICER
AND EMPLOYEE
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., NW,
WASHINGTON, DC 20534

                    Defendants.

## REPLY IN SUPPORT OF DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND OFFICER TUTWILER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, Corrections Corporation of America and Officer Tuttwiler [sic] ("Defendants"), through counsel, file this Reply in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6). This Motion is supported by the following Statement of Points and Authorities and pleadings on file with this Court.

## STATEMENT OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff asserts common law negligence and false imprisonment claims against both CCA and Officer Tutwiler, alleging that Defendants "failed to investigate Ms. Wormley's status as an inmate, to inform Ms. Wormley of the reasons for her detention despite her repeated requests for information, and to facilitate or ensure her release." Plaintiff also asserts that the Defendants were placed on "notice," "did nearly nothing" and are now liable because Ms. Wormley did not see a judge, was "never informed of the reasons for her imprisonment, and was never told when she could expect to leave."

Plaintiff also asserts a claim under 42 U.S.C. § 1983 against Officer Tutwiler for overdetention and due process violation (*see* Count XV) and against CCA for overdetention, unlawful search and seizure, and deliberate indifference (*see* Count XVII).

1935729.1

The CCA Defendants again assert that Plaintiff has failed to assert a claim against these Defendants under either a common law or federal theory. Accordingly, Defendants' Motion to Dismiss must be granted because: (1) Plaintiff has failed to assert any duty or breach thereof by the Defendants; (2) there is no legal authority justifying a claim against the Defendants for failing to inform Plaintiff of the *reasons* for her incarceration; and (3) Defendants have no authority to transfer or assign inmates into or out of the CTF as outlined in both the D.C. Code and the Agreement between CCA and the District of Columbia.

## II.    ARGUMENT

### A.    Plaintiff's Complaint Fails to State a Claim.

Plaintiff's Opposition fails to provide any supporting legal authority imposing a duty or identifying any legal claim against these Defendants. Instead, Plaintiff fails to identify any common or federal law imposing a duty on these Defendants and continues to assert a claim of liability for which there is no supporting case law or evidence.  Moreover, Plaintiff admits that CCA did not have an affirmative duty to take action and notably failed to provide any evidence that CCA was ever put on "notice" of any error in Plaintiff's detention. For these reasons, Defendants' Motion to Dismiss must be granted.

#### 1.    *Plaintiff Has Failed to Assert Any Duty Or Breach Thereof By Defendants.*

Plaintiff's Opposition relies on the Restatement (Second) of Torts to support her claim that the custodian has a "duty to protect the inmate from *physical* harm." Plaintiff has not alleged, however, that she suffered any physical harm from her over detention at CTF. Moreover, Plaintiff failed to identify how the detention is akin to physical harm. Without this connection, the Restatement fails to support Plaintiff's claim that there was a duty on the part of the Defendants that was breached.

1935729.1

As outlined in *McAllister v. District of Columbia,* Plaintiff does indeed have the burden of showing that the Defendants, through its agents, had a duty to discover and correct errors in sentencing orders.[1] In *McAllister*, Plaintiff asserted that multiple District of Columbia employees, including the Department of Corrections, were liable for negligence after failing to discover an improper sentencing order and forcing his incarceration for nearly two years beyond the sentencing guidelines. The Court held, however, that the Plaintiff failed to establish any legal authority identifying a specific duty by the Defendants to "discover or correct" the sentencing order error. The same logic holds true in this case.

Here, Plaintiff has failed to point to any District of Columbia Municipal Regulations, statute, or either DC or federal case law, which imposes the duty on these Defendants, to discover and correct errors in sentencing orders.[2] Being none, Plaintiff has failed to state a claim against these Defendants and Plaintiff's Complaint must be dismissed.

### 2. *There is No Claim For Failing to Inform Plaintiff of the Reasons for Incarceration.*

In addition, Plaintiff has overstated the "duty" aspect thereby making a novel claim, without any authority to support it, that CCA and Officer Tutwiler had a duty to "investigate and inform Ms. Wormley of the *reasons* for her imprisonment" and that they breached that duty. Again, Plaintiff failed to point to <u>any</u> legal authority, under either federal or common law, that CCA or its employees owed a duty to inform Plaintiff of the *reasons* for her detention. Thus, Plaintiff has failed to state a claim against the Defendants and Plaintiff's Complaint must be dismissed.

---

[1] 653 A.2d 849, 852 (D.C.1995).
[2] *Powell ex. rel. Ricks v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993); *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 199-200 (D.C. 1991); *Toy v. District of Columbia*, 549 A.2d 1, 6 (D.C. 1988).

1935729.1

3.     *Defendants Have No Authority.*

Pursuant to the applicable statute and the Operations and Management Agreement between the District of Columbia and CCA, the authority to incarcerate or release the Plaintiff falls solely within the province of the D.C. Department of Corrections.[3]

D.C. Code § 24-261.03(a) sets forth as follows:

> (a) An inmate confined in the CTF shall be deemed to be at all times in the legal custody of the Department of Corrections. Only the Department of Corrections shall have authority to transfer or assign inmates into or out of the CTF. . . .[4]

As outlined, pursuant to D.C. statute, CCA did not have a duty to "accurately inform the Plaintiff for the reasons for her detention". In fact, CCA Defendants had no authority whatever to transfer or assign inmates into or out of the CTF. The law is clear, the authority to incarcerate or release the Plaintiff falls solely within the province of the D.C. Department of Corrections.

In fact, the Plaintiff admits that the Agreement between CCA and the Defendants "does not go so far as to impose an affirmative duty" by CCA or its employees to question inmate detentions.[5] Thus, there can be no liability for "doing what the Plaintiff wanted the Defendants to do" when there is neither common or federal law supporting the claims. For these reasons, Plaintiff has failed to state a claim against the Defendants and their Motion to Dismiss must be granted.

B.     **The "John Doe" Defendants Must be Dismissed.**

Plaintiff asserts that "John or Jane Does 2-10, failed to investigate Ms. Wormley's

---

[3] *See* Section 5.4.3, of the Agreement between Corrections Corporation of America and the District of Columbia, attached hereto as Exhibit 1.
[4] D.C. Code § 24-261.03(a).
[5] *See* page 9 of Plaintiff's Opposition.

1935729.1

status as an inmate…".[6]  "John or Jane Does" are improper in federal court and are subject to dismissal by Motion. Accordingly, FED. R. CIV. P. 12(b)(4) and 4(m) calls for a dismissal of the "John and Jane Doe" defendants identified in Plaintiff's Complaint because they cannot be effectively served in order to confer jurisdiction over them in this Court.[7]

## III.  <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Complaint must be dismissed because she has failed to state a claim against the CCA Defendants.  Therefore, CCA Defendants respectfully request that their Motion to Dismiss be GRANTED and the case be DISMISSED against them with prejudice.

Dated:  July 9, 2008                    Respectfully submitted,

                                        JONES, SKELTON & HOCHULI, P.L.C.
                                        2901 North Central Avenue, Suite 800
                                        Phoenix, Arizona  85012
                                        Tel:    (602) 263-1700


                                        By:    s/  Jennifer L. Holsman
                                            Daniel P. Struck, Bar No.CO0037
                                            Jennifer L. Holsman, Bar No. 495296
                                            Attorneys for Defendant *Corrections Corporation of America and Officer Tutwiler*

ORIGINAL of the foregoing filed ELECTRONICALLY
this 9th day of July, 2008 .

---

[6] *See* Introduction of Memorandum of Points and Authorities in Support of Opposition to Motion to Dismiss of Defendants Corrections Corporation of America and Officer Tutwiler.
[7] *See Olaniyi v. Dist. of Columbia*, 416 F.Supp.2d 43, 50 (D.D.C.2006); *M.K. v. Tenet*, 99 F.Supp.2d 12, 17 (D.D.C.2000).

1935729.1

## CERTIFICATE OF SERVICE

I hereby certify than on July 9th, 2008, a true copy of the foregoing was mailed, first class, postage prepaid, to:

Robin Elena Jacobsohn
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005
*Attorney for Plaintiff*

Denise J. Baker
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, NW, Room 6S028
Washington, DC 20001
*Attorney for Defendants District of Columbia
and Devon Brown*

Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, NW, Suite 500
Washington, DC 20036

*Attorneys for Defendant Corrections
Corporation of America and Officer Tutwiler*

_____ s/  Jennifer L. Holsman_____
Jennifer L. Holsman

1935729.1

**IN THE STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELOISE T. WORMLEY,
2303 BROOKS DRIVE
APARTMENT 104
SUITLAND, MD   20746

                Plaintiff,

      v.

THE UNITED STATES OF AMERICA
DEPARTMENT OF JUSTICE
P.O. BOX 888
BENJAMIN FRANKLIN STATION
WASHINGTON, D.C. 20044

THE DISTRICT OF COLUMBIA
OFFICE OF RISK MANAGEMENT, 441
4TH STREET, NW
SUITE 800 SOUTH
WASHINGTON, DC 20001

CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN  37205

REYNOLDS & ASSOCIATES, INC.,
D/B/A WASHINGTON HALFWAY
HOMES
1430 G. ST., NE
WASHINGTON, D.C.

HARLEY G. LAPPIN
DIRECTOR
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., N.W.
WASHINGTON, DC  2034

Civil Action No. 1:08-cv-00449-RWR

1935729.1

RANDAL WHITE
INSTITUTIONAL COMMUNITY
OFFICER,
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., N.W,
WASHINGTON, DC  20534

DEVON BROWN,
DIRECTOR
D.C. DEPARTMENT OF CORRECTIONS
1923 VERMONT AVENUE, NW
WASHINGTON, DC  20003

SEAN MCLEOD
DEPUTY UNITED STATES MARSHAL
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

DAVID BALDWIN
DEPUTY UNITED STATES MARSHAL
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

DONNA SCOTT
UNITED STATES MARSHALS
SERVICE
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

OFFICER TUTTWILER
CASE MANAGER
CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN 37205

1935729.1

JOHN OR JANE DOE 1
INMATE RECORDS OFFICER
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST,. NW,
WASHINGTON, DC  20534

JOHN OR JANE DOES 2-10
UNNAMED OFFICERS
AND EMPLOYEES
CORRECTIONS CORPORATION OF
AMERICA
102 WOODMONT BOULEVARD,
SUITE 800
NASHVILLE, TN 37205

JOHN OR JANE DOES 11-20
UNNAMED OFFICERS
AND EMPLOYEES
DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
D.C. DEPARTMENT OF CORRECTIONS
1923 VERMONT AVENUE, NW
WASHINGTON, D.C. 20003

JOHN OR JANE DOES 21-30
UNNAMED OFFICERS
AND EMPLOYEES
UNITED STATES
MARSHALS SERVICE
OFFICE OF GENERAL COUNSEL
12TH FLOOR
WASHINGTON, DC 20530-1000

JOHN OR JANE DOES 31-40
UNNAMED OFFICERS
AND EMPLOYEES
REYNOLDS & ASSOCIATES,
D/B/A WASHINGTON HALFWAY
HOMES
1430 G. ST., NE
WASHINGTON, D.C.

- 3 -

JOHN OR JANE DOES 41
UNNAMED OFFICER
AND EMPLOYEE
FEDERAL BUREAU OF PRISONS
OFFICE OF GENERAL COUNSEL,
CENTRAL OFFICE
320 FIRST ST., NW,
WASHINGTON, DC 20534

                        Defendants.

## REPLY IN SUPPORT OF DEFENDANTS CORRECTIONS CORPORATION OF AMERICA AND OFFICER TUTWILER'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, Corrections Corporation of America and Officer Tuttwiler [sic] ("Defendants"), through counsel, file this Reply in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6). This Motion is supported by the following Statement of Points and Authorities and pleadings on file with this Court.

### STATEMENT OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff asserts common law negligence and false imprisonment claims against both CCA and Officer Tutwiler, alleging that Defendants "failed to investigate Ms. Wormley's status as an inmate, to inform Ms. Wormley of the reasons for her detention despite her repeated requests for information, and to facilitate or ensure her release." Plaintiff also asserts that the Defendants were placed on "notice," "did nearly nothing" and are now liable because Ms. Wormley did not see a judge, was "never informed of the reasons for her imprisonment, and was never told when she could expect to leave."

Plaintiff also asserts a claim under 42 U.S.C. § 1983 against Officer Tutwiler for overdetention and due process violation (see Count XV) and against CCA for overdetention, unlawful search and seizure, and deliberate indifference (see Count XVII).

The CCA Defendants again assert that Plaintiff has failed to assert a claim against these Defendants under either a common law or federal theory. Accordingly, Defendants' Motion to Dismiss must be granted because: (1) Plaintiff has failed to assert any duty or breach thereof by the Defendants; (2) there is no legal authority justifying a claim against the Defendants for failing to inform Plaintiff of the *reasons* for her incarceration; and (3) Defendants have no authority to transfer or assign inmates into or out of the CTF as outlined in both the D.C. Code and the Agreement between CCA and the District of Columbia.

## II.    ARGUMENT

### A.    Plaintiff's Complaint Fails to State a Claim.

Plaintiff's Opposition fails to provide any supporting legal authority imposing a duty or identifying any legal claim against these Defendants. Instead, Plaintiff fails to identify any common or federal law imposing a duty on these Defendants and continues to assert a claim of liability for which there is no supporting case law or evidence. Moreover, Plaintiff admits that CCA did not have an affirmative duty to take action and notably failed to provide any evidence that CCA was ever put on "notice" of any error in Plaintiff's detention. For these reasons, Defendants' Motion to Dismiss must be granted.

#### 1.    *Plaintiff Has Failed to Assert Any Duty Or Breach Thereof By Defendants.*

Plaintiff's Opposition relies on the Restatement (Second) of Torts to support her claim that the custodian has a "duty to protect the inmate from *physical* harm." Plaintiff has not alleged, however, that she suffered any physical harm from her over detention at CTF. Moreover, Plaintiff failed to identify how the detention is akin to physical harm. Without this connection, the Restatement fails to support Plaintiff's claim that there was a duty on the part of the Defendants that was breached.

1935729.1

As outlined in *McAllister v. District of Columbia,* Plaintiff does indeed have the burden of showing that the Defendants, through its agents, had a duty to discover and correct errors in sentencing orders.[1] In *McAllister*, Plaintiff asserted that multiple District of Columbia employees, including the Department of Corrections, were liable for negligence after failing to discover an improper sentencing order and forcing his incarceration for nearly two years beyond the sentencing guidelines. The Court held, however, that the Plaintiff failed to establish any legal authority identifying a specific duty by the Defendants to "discover or correct" the sentencing order error. The same logic holds true in this case.

Here, Plaintiff has failed to point to any District of Columbia Municipal Regulations, statute, or either DC or federal case law, which imposes the duty on these Defendants, to discover and correct errors in sentencing orders.[2] Being none, Plaintiff has failed to state a claim against these Defendants and Plaintiff's Complaint must be dismissed.

**2.      *There is No Claim For Failing to Inform Plaintiff of the Reasons for Incarceration.***

In addition, Plaintiff has overstated the "duty" aspect thereby making a novel claim, without any authority to support it, that CCA and Officer Tutwiler had a duty to "investigate and inform Ms. Wormley of the *reasons* for her imprisonment" and that they breached that duty. Again, Plaintiff failed to point to <u>any</u> legal authority, under either federal or common law, that CCA or its employees owed a duty to inform Plaintiff of the *reasons* for her detention.  Thus, Plaintiff has failed to state a claim against the Defendants and Plaintiff's Complaint must be dismissed.

---

[1] 653 A.2d 849, 852 (D.C.1995).
[2] *Powell ex. rel. Ricks v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993); *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 199-200 (D.C. 1991); *Toy v. District of Columbia*, 549 A.2d 1, 6 (D.C. 1988).

1935729.1

3.     *Defendants Have No Authority.*

Pursuant to the applicable statute and the Operations and Management Agreement between the District of Columbia and CCA, the authority to incarcerate or release the Plaintiff falls solely within the province of the D.C. Department of Corrections.[3]

D.C. Code § 24-261.03(a) sets forth as follows:

> (a)  An inmate confined in the CTF shall be deemed to be at all times in the legal custody of the Department of Corrections.  Only the Department of Corrections shall have authority to transfer or assign inmates into or out of the CTF.  . . .[4]

As outlined, pursuant to D.C. statute, CCA did not have a duty to "accurately inform the Plaintiff for the reasons for her detention". In fact, CCA Defendants had no authority whatever to transfer or assign inmates into or out of the CTF.  The law is clear, the authority to incarcerate or release the Plaintiff falls solely within the province of the D.C. Department of Corrections.

In fact, the Plaintiff admits that the Agreement between CCA and the Defendants "does not go so far as to impose an affirmative duty" by CCA or its employees to question inmate detentions.[5]  Thus, there can be no liability for "doing what the Plaintiff wanted the Defendants to do" when there is neither common or federal law supporting the claims.  For these reasons, Plaintiff has failed to state a claim against the Defendants and their Motion to Dismiss must be granted.

B.     **The "John Doe" Defendants Must be Dismissed.**

Plaintiff asserts that "John or Jane Does 2-10, failed to investigate Ms. Wormley's

---

[3] *See* Section 5.4.3, of the Agreement between Corrections Corporation of America and the District of Columbia, attached hereto as Exhibit 1.
[4] D.C. Code § 24-261.03(a).
[5] *See* page 9 of Plaintiff's Opposition.

status as an inmate…".[6]  "John or Jane Does" are improper in federal court and are subject to

dismissal by Motion. Accordingly, FED. R. CIV. P. 12(b)(4) and 4(m) calls for a dismissal of the

"John and Jane Doe" defendants identified in Plaintiff's Complaint because they cannot be

effectively served in order to confer jurisdiction over them in this Court.[7]

**III.**    **CONCLUSION**

For the reasons stated above, Plaintiff's Complaint must be dismissed because she has

failed to state a claim against the CCA Defendants.  Therefore, CCA Defendants respectfully

request that their Motion to Dismiss be GRANTED and the case be DISMISSED against them

with prejudice.


Dated:  July 9, 2008                              Respectfully submitted,

                                                  JONES, SKELTON & HOCHULI, P.L.C.
                                                  2901 North Central Avenue, Suite 800
                                                  Phoenix, Arizona  85012
                                                  Tel:    (602) 263-1700


                                                  By:___s/  Jennifer L. Holsman_____
                                                      Daniel P. Struck, Bar No.CO0037
                                                      Jennifer L. Holsman, Bar No. 495296
                                                      Attorneys for Defendant *Corrections
                                                      Corporation of America and Officer Tutwiler*

ORIGINAL of the foregoing filed ELECTRONICALLY
this 9th day of July, 2008 .

---

[6] *See* Introduction of Memorandum of Points and Authorities in Support of Opposition to Motion to Dismiss of Defendants Corrections Corporation of America and Officer Tutwiler.
[7] *See Olaniyi v. Dist. of Columbia*, 416 F.Supp.2d 43, 50 (D.D.C.2006); *M.K. v. Tenet*, 99 F.Supp.2d 12, 17 (D.D.C.2000).

1935729.1

## CERTIFICATE OF SERVICE

I hereby certify than on July 9th, 2008, a true copy of the foregoing was mailed, first class, postage prepaid, to:

Robin Elena Jacobsohn
Williams & Connolly, LLP
725 12th Street, NW
Washington, DC 20005
*Attorney for Plaintiff*

Denise J. Baker
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, NW, Room 6S028
Washington, DC 20001
*Attorney for Defendants District of Columbia
and Devon Brown*

Mariana D. Bravo, Esq.
CARR MALONEY, P.C.
1615 L Street, NW, Suite 500
Washington, DC 20036

*Attorneys for Defendant Corrections
Corporation of America and Officer Tutwiler*

_____s/  Jennifer L. Holsman_____
Jennifer L. Holsman

1935729.1